# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1480-17T3

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

M.M.,

    Defendant-Appellant,

and

T.K.,

    Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF O.M., a Minor.

_____

Submitted October 11, 2018 – Decided October 19, 2018

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FG-15-0066-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel A. DiLella, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Joshua P. Bohn, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Noel C. Devlin, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

Defendant M.M. appeals from a judgment terminating his parental rights as to his daughter, O.M.[1] The Division of Child Protection and Permanency (Division) and O.M.'s Law Guardian support the judgment.

Based on our review of the record, we affirm for the reasons expressed by Judge Robert E. Brenner in his twenty-two page comprehensive written decision, dated November 9, 2017.

Judge Brenner's thorough written opinion details the facts and history of the Division's involvement, leading to the termination of defendant's parental rights. We briefly summarize the relevant facts.

---

[1] We use initials in this opinion to protect the parties' privacy. R. 1:38-3(d)(12).

Defendant was the primary caretaker for his daughter from the day she was born until her removal by the Division on March 28, 2016. The Division became involved when defendant notified it that O.M.'s biological mother, T.K.,[2] refused to return O.M. to him. Based on T.K.'s history with the Division and substance abuse issues, caseworkers proceeded with an emergency removal of O.M. Due to defendant's lack of housing, the Division was unable to place O.M. with him. After the removal, defendant was ordered to complete substance abuse treatment and undergo various evaluations. Defendant complied, and was on track to be reunified with his daughter until January 2017.

In January 2017, defendant attempted suicide. At that time, defendant was diagnosed with alcohol abuse, major depressive disorder, and severe anxious distress. It was recommended that defendant participate in various programs to treat these conditions. Defendant subsequently failed to complete the mental health services and substance abuse treatment programs offered by the Division.[3] Based upon defendant's failure to complete the recommended services and treatments, his continued abuse of drugs and alcohol, and lack of

---

[2] T.K. voluntarily relinquished her parental rights.

[3] Defendant attempted suicide again eight months later due, in part, to his failure to participate in the services offered by the Division.

A-1480-17T3

suitable housing, the Division's intended goal of reunification of O.M. with defendant was changed to termination of defendant's parental rights.

The matter proceeded to trial. The Division's expert testified defendant was unable or unwilling to complete the recommended mental health services and substance abuse programs. The expert also testified defendant is at high risk of causing harm to O.M. based on his noncompliance with services. According to the expert, the risk factors leading to O.M.'s initial removal had not been addressed despite affording defendant ample opportunity to address those factors through the services offered by the Division. The Division's expert concluded any delay in permanency would cause further harm to O.M. because she had reached an age where she was beginning to understand her situation. Consequently, the Division's expert expressed it would be in the best interests of O.M. to terminate defendant's parental rights.

The Division's expert also evaluated a new resource family, friends of the maternal grandparents, for placement of O.M.[4] As of the date of that evaluation,

---

[4] The maternal grandparents told the Division they were unable to commit to long-term care of O.M. based on their advanced age. However, the maternal grandparents recommended their family friends, Lucy and Joe, to serve as resource parents for O.M.

O.M. had only been with her new resource family for a month. Notwithstanding this short time period, the expert concluded the resource family cared deeply for O.M., and would provide a safe, stable, and secure environment for her growth and development.[5] The expert found O.M. demonstrated a high comfort level with the resource parents despite the short time period the parties had lived together. Based on these findings, the Division's expert opined it would be in O.M.'s best interests to be placed permanently with Lucy and Joe.[6]

After reviewing the evidence and testimony, Judge Brenner terminated defendant's parental rights, stating his reasons in support of the decision in a comprehensive and thorough written decision. The judge found the Division proved all four prongs of the termination statute, N.J.S.A. 30:4C-15.1(a), by clear and convincing evidence.

On appeal, defendant challenges the judge's findings on all prongs of the statute. Defendant argues the trial court's findings are not supported by the weight of the evidence.

---

[5] While the Division considered other family members for placement of O.M., it ruled out defendant's relatives based on their prior history with the Division or because they were either unwilling or ineligible to care for O.M.

[6] Defendant did not testify at trial. Nor did he present any expert testimony on his behalf.

A-1480-17T3

"Review of a trial court's termination of parental rights is limited." N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 278 (2007). We must uphold the trial court's factual findings if they are supported by adequate, substantial, credible evidence in the record. N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012). Moreover, credibility determinations are entitled to particular deference due to the trial court's superior ability to evaluate the veracity of witnesses who testified before it. N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014). "Indeed, we defer to family part judges 'unless they are so wide of the mark that our intervention is required to avert an injustice.'" N.J. Div. of Child Prot. & Permanency v. A.B., 231 N.J. 354, 365, (2017) (quoting F.M., 211 N.J. at 427).

Applying this standard of review to defendant's arguments, and based on our examination of the record, we affirm the termination of defendant's parental rights, substantially for the sound reasons expressed in Judge Robert E. Brenner's written opinion. The court's decision is amply supported by substantial credible evidence in the record and does not misapply the governing law. The unrefuted proofs presented by the Division demonstrate defendant's inability to raise O.M. based on his untreated substance abuse issues, his suicidal ideations and related mental health issues, his lack of suitable housing, his non-

A-1480-17T3

compliance with the Division's reasonable efforts to provide services, and O.M.'s developing bond with her resource parents. The judge's findings based on these proofs support termination of defendant's parental rights under the statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1480-17T3